UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
AMY L. COLVIN,

Plaintiff,

- against -

HUBERT KEEN, PRESIDENT, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY, GEORGE LAROSA,
VICE-PRESIDENT IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, PATRICK CALABRIA, VICE-PRESIDENT
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,
LUCIA CEPRIANO, PROVOST IN HER OFFICIAL AND
INDIVIDUAL CAPACITY, MARVIN FISCHER, CHIEF
OF POLICE, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, MARYBETH INCANDELA, DIRECTOR,
IN HER OFFICIAL AND INDIVIDUAL CAPACITY,
JAMES HALL, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY and MALKA EDELMAN, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY,

**STIPULATION
AND ORDER
OF CONFIDENTIALITY**
13 CV 3595
(SJF)(ARL)

Defendants.
--------------------------------------------------------------------------------x

WHEREAS, plaintiff Amy Colvin commenced this action alleging age employment discrimination, First Amendment retaliation, 42 U.S.C. § 1983 violations of the 14th Amendment, violations of New York Civil Service Law § 65-b and New York Public Officer's Law § 74;

WHEREAS, in the course of discovery in this action, the parties have requested documents or information concerning plaintiff, defendants, defendants' employees, and student applicants that they service, that are or may be protected by the Family Educational Rights and Privacy Act ("FERPA"), and other applicable state or federal laws protecting the privacy of education records, or individual medical or mental health information, or sensitive personal data, including employment records; and

WHEREAS, all the parties to this action having requested that the Court issue a protective order to protect the confidentiality of nonpublic information that may need to be

disclosed to adversary parties in connection with discovery in this case pursuant to Fed. R. Civ. P. 26(c), and to guard against the waiver of attorney-client privilege and work product protection pursuant to Fed. R. Evid. 502(d), the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored protective order governing this action; it is therefore hereby:

ORDERED that any person subject to this Order ("Order") -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The following terms, as used herein, without limiting the generality of the meaning of said terms, shall be construed as follows:

(a)     The parties to this action shall mean: (i) Plaintiff, and any authorized agent(s), attorney(s) or other entities or person(s) acting on her behalf; and (ii) Defendants, as well as the employees and representatives of Defendants and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf.

(b)     "Documents" shall mean all originals, copies and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic or otherwise recorded matter of whatever character, including but

2

not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, interoffice communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, motion pictures, personnel files, employee performance evaluations, disciplinary warnings, documents concerning personnel actions, wage, salary and benefits information, job descriptions, and any other related documents not generally available to the public concerning the business of Defendants.  The term "documents" shall not include pleadings, notices of motion, briefs, or memoranda of law filed by any party in the instant action, but shall include "confidential" documents used as exhibits or otherwise appended to such pleadings.

(c)  "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, including but not limited to personal or student information and/or records, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as "Confidential," be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

2.  Scope.  This Order governs the designation, use and ultimate disposition of confidential and sensitive material which may be produced in discovery in this lawsuit.  Nothing in this Order shall require any party to produce any particular document or other evidence in

3

discovery.  The parties' obligations to produce documents and other evidence shall be governed by Rules 26 through 37 of the Federal Rules of Civil Procedure ("F.R.Civ.P."), and any other applicable law or rules.

3.      Assertions of Privilege. Assertions of privilege by any party shall be governed by F.R.Civ.P. Rule 26(b)(5).  Nothing in this Order shall be deemed to waive a party's right to withhold material from production based on an assertion of any statutory or common-law privilege or waive any other party's right to contest any such assertion of privilege.  Nor shall the production of any document or other material pursuant to this Order waive a party's right to withhold from production other documents or other material based on an assertion of any statutory or common-law privilege.

4.      Privacy Laws. Nothing in this Order shall be deemed to authorize or require the disclosure by the parties of mental health or medical information concerning any person without that person's consent pursuant to applicable state or federal law, including without limitation the Health Insurance Portability and Accountability Act ("HIPAA") and other applicable state or federal laws protecting the privacy of individual medical or mental health information or employment records.

5.      The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) Medical or mental health records produced in discovery;

(b) Documents to which the designating party in good faith believes a privilege or statutory confidentiality applies;

(c) Any information of a personal or intimate nature regarding any individual, including, but not limited to, employee personnel files, evaluations, time sheets, or plaintiff's client time

4

sheets and other such materials maintained by the parties;

(d) Any information relating to educational records held by SUNY at Farmingdale of applicants for admissions or students; or

(e) Any other category of information hereinafter given confidential status by the Court.

6.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7.     If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

8.     Except as otherwise provided in this Stipulation of Confidentiality, material designated as "Confidential" information may be examined only by the following persons:

(a)     Defendants;

(b)     Plaintiff;

(c)     the parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

(d)     upon prior written agreement to abide by the terms and provisions of this Stipulation of Confidentiality, as described in paragraph 5 herein, and only to the extent necessary for the prosecution or defense of the instant matter, independent consultants or experts retained in connection with the instant action by the parties' counsel;

(e)     non-party deponents or witnesses who may examine Confidential information produced by the opposing party solely in the presence of Plaintiff's or Defendants' counsel, but who at no time shall have personal possession of any Confidential information.   Employees or former employees of Defendants are non-party witnesses, but who are not subject to this provision (and instead are subject to subparagraph "a" of this section);

(f)     stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in the instant action; and

(g)     magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

9.     Before any person identified in paragraphs 8 (b), (d) and (e) is given access to confidential information, he or she shall sign a certificate in the form of Exhibit "A" hereto stating that he or she has received a copy of an has read this Stipulation of Confidentiality and agrees to be bound by the provisions set forth herein and to submit to the jurisdiction of this

Court in connection with the enforcement of the provisions set forth herein.   Access to Confidential information shall not be given to any person who has not signed such a certificate. Other than Plaintiff, Defendants, and non-party deponents or witnesses (who, unless they are former employees of Defendants who are or may be witnesses in this case, and shall not be allowed to retain any Confidential information thereafter), no such person shall be allowed to retain any document or other item designated as confidential beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

10.   To the extent any party seeks to have any such Confidential Discovery Material filed with the Court, and/or to include in any portions of pleadings, motions, or other papers filed with the Court any portion of such Confidential Discovery Material, such party must before such filing, seek leave from the Court to electronically file such Confidential Discovery Material as sealed documents, and if such leave is granted, such documents shall be kept under seal until further order of the Court. The parties will use their best efforts to minimize filings requiring such requests for sealing.

11.   Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

12.   All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford Confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court

also retains discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.13.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14.    If, in connection with  action, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information, and shall refrain from reviewing the inadvertently disclosed information and its subject matter.

15.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within ten business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17.    The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The receiving party shall, in so moving, also request leave from the Court that such motion shall be filed under seal, and if the motion for leave to file under seal is granted, the motion to compel the production of inadvertently disclosed information

8

shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

19.     This Protective Order shall survive the termination of the action. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, and provide a certification of counsel that all such information has been returned or destroyed.

20.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Mineola, New York            Dated: Mineola, New York
        January 16, 2015                     January 16, 2015

RAISER & KENNIFF. P.C.              ERIC T. SCHNEIDERMAN
                                    NYS ATTORNEY GENERAL


By: s/Anthony J. Colleluori          By: s/Toni E. Logue
    Anthony J. Colleluori, Esq.          Toni Logue
    Raiser & Kenniff, P.C.               Assistant Attorney General
    300 Old Country Road, Suite 351      State of New York
    Mineola, New York 11501              Office of the Attorney General
    (516) 741-3400                       200 Old Country Road - Suite 240
    Attorneys for Plaintiff              Mineola, New York 11501
                                         (516) 248-3317
                                         Attorneys for Defendants

9

SO ORDERED:

_____
    Arlene R. Lindsay
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
AMY L. COLVIN,

                              Plaintiff,

          - against -

HUBERT KEEN, PRESIDENT, IN HIS OFFICIAL          **NON-DISCLOSURE**
AND INDIVIDUAL CAPACITY, GEORGE LAROSA,          **AGREEMENT**
VICE-PRESIDENT IN HIS OFFICIAL AND INDIVIDUAL    13 CV 3595
CAPACITY, PATRICK CALABRIA, VICE-PRESIDENT       (SJF)(ARL)
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,
LUCIA CEPRIANO, PROVOST IN HER OFFICIAL AND
INDIVIDUAL CAPACITY, MARVIN FISCHER, CHIEF
OF POLICE, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, MARYBETH INCANDELA, DIRECTOR,
IN HER OFFICIAL AND INDIVIDUAL CAPACITY,
JAMES HALL, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY and MALKA EDELMAN, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY,

                              Defendants.
-------------------------------------------------------------------------------

        I, _____, acknowledge that I have read and understand the

Confidentiality Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone and that at the conclusion of the action I will return

all discovery information to the party or attorney from whom I received it. By acknowledging

these obligations under the Confidentiality Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Eastern District of New York for the

purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Confidentiality Order could subject me to

punishment for contempt of Court.


Dated: _____          _____