FILED
CLERK
4/24/2015 1:51 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMY L. COLVIN,

                Plaintiff,

    -against-

HUBERT KEEN, President of the State University
at Farmingdale, State University of New York, in
his official and individual capacity, et al.,

                Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-3595 (SJF)(ARL)

FEUERSTEIN, District Judge:

        Pending before the Court is a letter motion by plaintiff Amy L. Colvin ("plaintiff"), dated April 9, 2015, in essence, objecting to an order of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated April 3, 2015, granting defendants' motion to preclude (1) "Plaintiff's Supplemental Discovery Demands," dated March 9, 2015, and (2) plaintiff from calling Richardo Estrada as an expert at trial; and seeking, *inter alia*, a forty-five (45)-day extension of the discovery deadline. For the reasons stated herein, plaintiff's objections are overruled and her request for an extension of the discovery deadline is denied.

I.      Procedural History

        Plaintiff commenced this employment discrimination and retaliation action *pro se* on June 25, 2013,[1] and issue was joined by the service of an answer on behalf of defendants on July

---

[1] Although plaintiff is proceeding *pro se*, she is an attorney admitted to practice in the State of New York since 1986. See http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=5433411.

1

22, 2013. By notice of hearing dated July 24, 2013, I referred this matter to Magistrate Judge Lindsay for all pretrial purposes pursuant to my individual rules; scheduled a pretrial conference for May 8, 2014; and advised the parties that all discovery must be completed by the pretrial conference date. (Docket Entry ["DE"] 7).

On August 5, 2013, plaintiff filed an amended complaint against defendants, alleging, *inter alia*, discrimination based upon age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290, 296, *et seq.*; retaliation for exercising her First Amendment rights to free speech and freedom of association in violation of 42 U.S.C. § 1983 ("Section 1983"); and violations of New York Civil Service Law ("NYCSL") § 75-b and New York Public Officers Law ("NYPOL") §§ 74(3)(d) and (h).

On or about September 27, 2013, after being granted one (1) extension of time to respond to the complaint, (see DE 08/21/2013), defendants served plaintiff with a motion to dismiss her claims in the amended complaint. By order dated October 21, 2013, plaintiff was granted an extension of time to serve her opposition to the motion to dismiss until November 12, 2013. (DE 17). Defendants filed their fully-briefed motion to dismiss in accordance with my individual rules on November 20, 2013. (DE 23).

On October 8, 2013, Magistrate Judge Lindsay issued a scheduling order, *inter alia*, directing that all discovery, including expert discovery, be concluded by March 26, 2014 and advising that the "scheduling order will be modified by the Court only upon a timely showing of good cause." (DE 14). Although, by order dated October 29, 2013, I granted defendants' motion to stay discovery in this case pending a decision on their motion to dismiss, (DE 20), by that

2

time, the parties had had more than three (3) months since issue was joined within which to engage in discovery in this case. Nonetheless, plaintiff did not even serve her initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure within that time. (See DE 43).

By order dated June 19, 2014, I, *inter alia*, granted defendants' motion to dismiss in part and denied it in part; vacated the stay of discovery; again referred this matter to Magistrate Judge Lindsay for all pretrial purposes; adjourned the pretrial conference to be held before me until December 18, 2014; and advised the parties that all discovery must be completed by the new pretrial conference date. (DE 28).

On July 29, 2014, Magistrate Judge Lindsay issued a second scheduling order, *inter alia*: (1) directing (a) that all discovery, inclusive of expert discovery, be concluded by September 14, 2014, and (b) that any party planning on making a dispositive motion take the first step in the motion process by November 19, 2014; and (2) advising the parties that the deadlines therein "were set by the District Court and will not be adjourned." (DE 31).

By order dated August 7, 2014, I, *inter alia*, granted the parties' request, "on consent," to extend the discovery deadline to November 1, 2014 ("the extended discovery deadline"). Thus, in addition to the initial three (3)-month period that the parties had to pursue discovery prior to the stay of discovery in this case, they were afforded an additional four and a half (4½) months after the stay of discovery was vacated within which to complete discovery in this non-complex discrimination case.

On or about August 25, 2014, defendants served plaintiff with a "Request for Production

of Documents."[2] (See DE 41). Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, plaintiff was required to respond in writing thereto "within 30 days after being served," i.e., on or before September 29, 2014. See Fed. R. Civ. P. 6(a) and (d).

On or about September 10, 2014, defendants received "Plaintiff's First Combined Set of Interrogatories and Production of Documents."[3] (See DE 41). Defendants' responses thereto were, thus, due on or before October 10, 2014. Fed. R. Civ. P. 33(b)(2) and 34(b)(2).

On or about September 16, 2014, defendants served their document demands and "Defendants' Amended First Set of Interrogatories" upon Anthony Colleluori, Esq., who was now representing plaintiff in this action. (See DE 41). Pursuant to Rule 33(b)(2) of the Federal Rules of Civil Procedure, plaintiff was required to serve her answers and any objections to the amended interrogatories "within 30 days after being served with the interrogatories," i.e., on or before October 20, 2014. See Fed. R. Civ. P. 6(a) and (d).

On October 3, 2014, defense counsel received (a) plaintiff's responses to defendants' document demands, in which she "objected to each and every document production Request, and disclosed no documents" (emphasis omitted); and (b) a letter from plaintiff, dated September 15, 2014, "objecting to the number of interrogatories" they had served upon her. (See DE 41). On some unspecified date thereafter, defense counsel "contacted [Mr. Colleluori] by telephone in a

---

[2] Defendants proffer no explanation for their failure to serve any discovery demands upon plaintiff in the initial three (3)-month period prior to the stay of discovery, or their more than two (2)-month delay in serving discovery demands upon plaintiff after the stay of discovery was vacated.

[3] Plaintiff proffers no explanation for her failure to serve any discovery demands upon defendants in the initial three (3)-month period prior to the stay of discovery, or her approximate three (3)-month delay in serving discovery demands upon defendants after the stay of discovery was vacated.

4

good faith effort to resolve plaintiff's insufficient responses[,]" (DE 40), and he agreed to supplement plaintiff's discovery responses. (See DE 41).

On October 25, 2014, defendants received plaintiff's "Response to Second Document Request to Plaintiff and Additions to First Request" ("plaintiff's supplemental response"), in which plaintiff served documents in response to only four (4) of defendants' fifty-six (56) requests. (See DE 41).

On October 31, 2014, on the eve of the extended discovery deadline, but less than one (1) week after receiving plaintiff's supplemental response to their discovery demands, defendants filed a letter motion seeking, *inter alia*, (1) to compel plaintiff to more fully respond to their discovery demands; and (2) "an extension of time to complete non-expert discovery * * * to a date to be set by th[e] Court." (DE 41). Later that same date, Mr. Colleluori filed a notice of appearance on behalf of plaintiff in this case and a letter jointly requesting that the Court schedule a telephone conference on November 5th or 6th, 2014. (DE 41). By order dated November 3, 2014, I granted Mr. Colleluori's request and scheduled a telephone conference for November 6, 2014.

During the telephone conference on November 6, 2014, I, *inter alia*: (1) granted defendants' motion for a further extension of the discovery deadline to the extent of directing (a) that plaintiff serve her automatic disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure by December 1, 2014, (b) that documentary discovery be completed by December 8, 2014, (c) that plaintiff's deposition be completed by December 15, 2014, (d) that all other depositions be completed by January 15, 2015, and (e) that all discovery be completed by March 16, 2015 ("the final discovery deadline"); and (2) adjourned the pretrial conference to be held

5

before me until March 17, 2015.[4] (DE 43). Thus, the parties were afforded an additional four and a half (4½) months, for a total of twelve (12) months, to complete discovery in this action. No party ever sought any additional relief from the Court with respect to documentary discovery, e.g., to compel responses to outstanding document demands or to seek any further extension of time to complete documentary discovery, prior to the December 8, 2014 deadline set therefor in the November 6, 2014 minute order.

Notwithstanding that the November 6, 2014 minute order provided the parties forty-five (45) days within which to complete plaintiff's deposition, she was not deposed until the very last date to do so, i.e., on December 15, 2014. (See DE 46). No party provides any explanation for waiting until the actual deadline date to depose plaintiff in this case.

On December 30, 2014, approximately two (2) weeks after plaintiff's deposition was completed, defendants filed a letter motion to compel plaintiff (a) "to more fully respond to [their] 'First Request for Production of Documents,' and issues that arose at plaintiff's recent deposition[,]" (DE 44); (b) "to identify the persons who she claims were spoken to about retirement by defendant Jim Hall * * *[;] and (c) to provide [them] with authorizations to obtain her employment records from after she left the employ of Farmingdale State College." (Id.) Although defendants referred to the "tight discovery completion schedule" that I set for the parties on November 6, 2014, Mr. Colleluori nonetheless requested "an additional week to provide a complete response" to defendants' motion to compel. (DE 45). By order dated January 12, 2015, Magistrate Judge Lindsay, inter alia, granted Mr. Colleluori's motion and

---

[4] By order dated March 4, 2015, I subsequently adjourned the pretrial conference to July 21, 2015.

6

directed plaintiff to serve and file a response to defendants' motion to compel by January 16, 2015.

On January 13, 2015, plaintiff filed a motion, "on consent of the parties," for a third extension of a discovery deadline in this case, i.e., the time to complete the depositions of defendants, until February 12, 2015, due: (a) to the unavailability of two (2) defendants, Hubert Keen and Lucia Cepriano, on the date set for their depositions, January 13, 2015, i.e., only two (2) days before the deadline set for the completion of all depositions in my November 6, 2014 minute order; (b) to the delay in defendants' production of "significant electronic discovery which [Mr. Colleluori] need[ed] to prepare for the[] depositions" occasioned by the parties' "dispute over the Confidentiality Stipulation in the matter[;]" and (c) to "unexpected delays" resulting from (i) an injury Mr. Colleluori sustained in a car accident on January 2, 2015, (ii) "the schedules of several lawyers and administrators," and (iii) "other logistical issues." (DE 46). By order dated January 14, 2015, I granted plaintiff's application and advised the parties that "[n]o further extensions of time will be given."[5] Although my January 14, 2015 order only extended the deadline to take defendants' depositions until February 12, 2015, the parties apparently continued to conduct defendants' depositions until March 12, 2015, when the last deposition of a defendant, Marybeth Icandela, was held. (See DE 64, Ex. A). Plaintiff never moved to compel defendants' depositions, or to further extend their time to depose defendants, prior to the

---

[5] Nonetheless, by order dated March 19, 2015, I granted defendants' letter motion, dated March 18, 2015, requesting a seventeen (17)-day extension of the deadline to serve a motion for summary judgment, i.e., from April 7, 2015 to April 24, 2015, because defense counsel had not yet received the transcripts of the ten (10) depositions taken by plaintiff in this case from plaintiff. (DE 60). Since defendants' motion was made prior to the expiration of the deadline for serving the motion for summary judgment, they only needed to show "good cause" for the extension. See Fed. R. Civ. P. 6(b)(1)(A).

expiration of the February 12, 2015 deadline to complete defendants' depositions.

Plaintiff filed a response to defendants' December 30, 2014 motion to compel at 5:18 p.m. on January 16, 2015, i.e., after regular business hours on the last date to do so pursuant to Magistrate Judge Lindsay's January 12, 2015 order. By order dated January 29, 2015, Magistrate Judge Lindsay, *inter alia*, granted defendants' motion to compel to the extent of (1) directing that, on or before February 6, 2015, plaintiff (a) either submit certain documents for an *in camera* review if "she wishes to press her claim of privilege," or produce those documents to defendants, (b) "produce documents substantiating her claim for damages[,]" and (c) provide certain authorizations; and (2) holding that plaintiff will be precluded for making any reference to certain individuals at trial if she fails to disclose their identities to defendants on or before February 6, 2015, and otherwise denied the motion. (DE 51).

Plaintiff submitted certain documents to Magistrate Judge Lindsay for an *in camera* review on February 6, 2015, i.e., the last date to do so pursuant to Magistrate Judge Lindsay's January 29, 2015 order, and renewed her objection to producing those documents to defendants on the basis of privilege. (DE 52). Defendants filed their response to plaintiff's motion on February 10, 2015, (DE 53), i.e., two (2) business days after their receipt of plaintiff's motion, following which Magistrate Judge Lindsay directed the parties to appear before her for a conference on that issue on February 17, 2015. (DE 55). On or about that same date, more than two (2) months after the expiration of the deadline for the completion of documentary discovery set by my November 6, 2014 minute order, plaintiff served defendants with "Plaintiff's Supplemental Discovery Demand for Documents" ("first supplemental discovery demands"), requesting that defendants produce all evaluations, "Professional Performance Programs" and

8

any and all supporting documents relating to such evaluations and Programs of all members of the Admissions Department from January 2008 through February 2013. (Plaintiff's 4/15/15 Letter Motion ["Plf. Mot."], Ex. 3). Plaintiff does not provide any explanation for her failure to seek such documents from defendants prior to the expiration of the deadline for the completion of documentary discovery in this case.

Shortly before noon on February 11, 2015, only five (5) days after serving her first supplemental discovery demands, and on the eve of the deadline to complete defendants' depositions set by my January 14, 2015 order, plaintiff filed a letter motion requesting, *inter alia*, "the Court's expedited review and resolution" of defendants' purported "refus[al] to produce non-privileged, relevant documentation[] * * * needed for the depositions" based upon assertions of privilege. (DE 54). Plaintiff does not provide any explanation for her delay in seeking the discovery from defendants or in raising the issue to the Court. Defendants served a response to plaintiff's motion on February 13, 2015, two (2) business days after their receipt of the motion.

By letter to defense counsel dated February 16, 2015, more than (a) four (4) months after plaintiff served her initial discovery demands upon defendants, and (b) two (2) months after the deadline for the completion of documentary discovery set by my November 6, 2014 minute order, plaintiff "demand[ed] that Defendants further supplement their discovery responses" that she claimed were deficient no later than February 19, 2015. (Plf. Mot., Ex. 1). Plaintiff provides no explanation for failure to seek those supplementary discovery responses from defendants, or to file a motion to compel further discovery responses from defendants, prior to the expiration of the deadline for the completion of documentary discovery on December 8, 2014. Magistrate Judge Lindsay resolved the discovery issues raised by plaintiff's February letter motions on the

9

record during the conference held before her on February 17, 2015. (DE 57).

On or about March 13, 2015, i.e., only three (3) days, and one (1) business day, prior to the expiration of the final discovery deadline, defense counsel received "Plaintiff's Supplemental Discovery Demands," dated March 9, 2015 ("second supplemental discovery demands"), notwithstanding that, with exceptions not relevant here, Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure provides a party to whom a discovery request is directed thirty (30) days after being served therewith to respond.

By letter dated March 16, 2015, i.e., the date of the final discovery deadline set by my November 6, 2014 minute order, plaintiff, *inter alia*, served her purported expert disclosure, absent any expert report[6], upon defense counsel and demanded that defendants produce her complete personnel file pursuant to her initial discovery demands and Mr. Colleluori's request during Ms. Icandela's deposition "as soon as possible, but no later than the close of discovery." (DE 59, Ex. B). The March 16, 2015 letter and incomplete expert disclosure were sent to defense counsel via email that same date, i.e., the last date for the completion of all discovery, at 6:39 p.m., i.e., "after the close of [defense counsel's] business." (Id.) Prior to serving those documents, plaintiff never sought an extension of the final discovery deadline from the Court.

On March 17, 2015, defendants filed a letter motion seeking to preclude: (1) plaintiff from calling Mr. Estrada as an expert at trial on the basis that her expert disclosure was untimely and did not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure; and (2) plaintiff's

---

[6] The disclosure merely indicated: "Expert Report to follow under separate cover[.]" (DE 59, Ex. B). Thus, plaintiff's expert disclosure did not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, which provides, in relevant part, that with exceptions not relevant here, "th[e] disclosure [of expert testimony] *must* be accompanied by a written report– prepared and signed by the witness–* * *." (emphasis added).

second supplemental discovery demands on the basis that they were served without sufficient time for defendants to respond pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure. (DE 59). Plaintiff filed a response to defendants' motion on March 20, 2015, i.e., the last date to do so under Magistrate Judge Lindsay's individual rules.

By order dated April 3, 2015, Magistrate Judge Lindsay granted defendants' motion to preclude, finding, *inter alia*, that plaintiff's second supplemental discovery demands were untimely served; that plaintiff "failed to show that her failure to produce the required [expert] report was substantially justified;" and that plaintiff's failure to produce the expert report "was not harmless as [she] has not provided Defendants with enough time to take a deposition of [her expert] or prepare rebuttal expert reports." (Order at 1-2). Magistrate Judge Lindsay indicated, however, that while she "recognize[d] the prejudice to Plaintiff in precluding [her] expert, given [the final] March 16th discovery cutoff, the proper course [was] for Plaintiff to make an application before [me] to extend expert discovery."

II.     Discussion

On April 10, 2015, plaintiff filed the instant letter motion, in essence, objecting to Magistrate Judge Lindsay's April 3, 2015 preclusion order and requesting a fourth (4th) extension of a discovery deadline in this case, this time for an additional forty-five (45) days. With respect to the branch of Magistrate Judge Lindsay's order granting defendants' motion to preclude plaintiff's second supplemental discovery demands, plaintiff contends, *inter alia*, that the "requested additional items for discovery were not identifiable until March 11, 2015, after Jim Hall's deposition testimony[,]" which was scheduled to be held in February, but was delayed

11

because "some of the Defendants could not appear and * * * rescheduled for March at Defendants' request." (Docket Entry ["DE"] 63 at 3). Plaintiff also contends, *inter alia*: (a) that she should not be precluded from obtaining discovery that defendants intentionally failed to provide in response to her initial demands and first supplemental discovery demands; (b) that she has been prejudiced by technical issues that have delayed her counsel's review of two (2) DVDs produced by defendants in January 2014 containing certain electronic documents, as "depositions are now theoretically completed" and the "discovery could also be critical for Plaintiff's expert analysis of the case as well[;]" (c) that the Court should conduct "an expanded [*in camera*] review of certain Defendant documents [from defendants' privilege log] to identify any 'non-privileged' statements [therein][;]" and (d) that her expert witness should not be precluded "[g]iven all of the * * * outstanding Discovery issues and Plaintiff's efforts to address them" and because "any purported prejudice from extending expert discovery (along with regular discovery) is far outweighed by precluding Plaintiff from availing herself of an expert * * *, especially after having made good faith efforts to complete discovery diligently." (DE 63 at 5). With respect to her expert disclosure, plaintiff contends, *inter alia*, (1) that her "failure to comply is excusable because [she] only received the transcript of her deposition within the last few weeks, and still has not received Defendants' corrected and certified transcripts[;]" (2) that "[t]he delay was then exacerbated by Defendants' eleventh-hour subpoenas of non-parties * * *" and the technical issues with the DVDs containing electronic documents that were produced by defendants; and (3) that "there will be no prejudice as the [expert's] report can be completed and the expert deposed before the [final pretrial] conference date of July 21, 2015" and, in any event, any "prejudice from a continuance would disappear if both sides are simply granted the additional time

requested * * *." (DE 63 at 5-6).

Defendants oppose plaintiff's application on the grounds, *inter alia*, (1) that plaintiff did not allow them sufficient time to respond to her second supplemental discovery requests prior to the expiration of the final discovery deadline; (2) that plaintiff's expert disclosure was untimely and insufficient pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure; and (3) that plaintiff "offers no valid explanation as to why she did not raise [her] discovery disputes" with the Court prior to the expiration of the final discovery deadline in this case.

### A. Plaintiff's Request for a Fourth Extension of a Discovery Deadline

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: * * * (B) on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect" is an equitable concept that takes into account "all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); see also In re American Express Fin. Advisors Sec. Litig., 672 F.3d 113, 129 (2d Cir. 2011) ("[T]he ultimate determination [of excusable neglect] depends upon a careful review of all relevant circumstances." (quotations and citation omitted)).

"To determine whether a party's neglect is excusable, a district court should take into account: '[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Tancredi

v. Metropolitan Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (brackets in original) (quoting Pioneer, 507 U.S. at 395, 113 S. Ct. 1489); accord Padilla v. Maersk Line, Ltd., 721 F.3d 77, 83 (2d Cir. 2013), cert. denied, 134 S. Ct. 1309, 188 L. Ed. 2d 304 (2014).  The Second Circuit "focuses closely on the third Pioneer factor: the reason for the delay, including whether it was within the reasonable control of the movant."  Padilla, 721 F.3d at 83; see also New York Times Co. v. United States Dep't of Homeland Sec., 959 F. Supp. 2d 449, 458 (S.D.N.Y. 2013) ("The Second Circuit has found that the third factor– the reason for the delay, including whether it was within the movant's reasonable control– is the most important." (citing cases)).  "[T]he other three [factors] are significant only in close cases."  Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 415-16 (2d Cir. 2004).

The Second Circuit has also held that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule."  Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quotations, brackets and citation omitted); see also Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 251 (2d Cir. 1997) (holding that where a court rule "is entirely clear, * * * a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test."); Estate of Jacques ex rel. Pub. Adm'r of Bronx Cnty. v. City of N.Y., No. 10 Civ. 2881, 2012 WL 5974059, at * 4 (S.D.N.Y. Nov. 28, 2012) (holding that a party's "repeated failure to comply with Court orders and deadlines * * * suggests a 'lack of diligence' rather than 'negligence.'")  Since "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar[,]" Silivanch, 333 F.3d at 368, the Second Circuit

takes "a hard line" in determining when neglect is "excusable."  Id.; see also In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005) (holding that the Second Circuit takes "a hard line in applying the Pioneer test.")

Plaintiff's failure to obtain the discovery she now seeks prior to the expiration of the final discovery deadline in this case was clearly within her control, and she has not provided any persuasive reason for her repeated failure to comply with the discovery orders and deadlines set by the Court or to promptly seek relief from the Court when necessary, e.g., to timely file motions to compel, for extensions of time, etc.  Although plaintiff contends that the "additional items for discovery [sought by her second supplemental discovery demands] were not identifiable until March 11, 2015, after Jim Hall's deposition testimony," and suggests that the delay in deposing Mr. Hall was entirely the fault of defendants, i.e., because "some of the Defendants could not appear [for depositions in February] and [their depositions were] rescheduled for March at Defendants' request," (DE 63), she proffers no explanation for (a) her approximate two (2)-month delay in initially scheduling Mr. Hall's deposition after her deposition was completed on December 15, 2014; or (b) her failure to seek timely and appropriate relief from the Court, e.g., to move to compel Mr. Hall's deposition prior to the expiration of the deadline to complete defendants' depositions set by my January 14, 2015 order, to seek an additional extension of the discovery deadline prior to the expiration of the final discovery deadline, etc.

Similarly, although plaintiff contends, *inter alia*, that her failure to serve a proper expert disclosure prior to the expiration of the final discovery deadline is excusable because of her delay in receiving the deposition transcripts and the technical issues with the DVDs containing

15

electronic documents produced by defendants, she proffers no explanation for (a) why she waited until the last day set in my November 6, 2014 minute order to complete her deposition, when she was afforded forty-five (45) days to complete her deposition; (b) her continued delay in scheduling the depositions of defendants after being granted a third, and final, extension of a discovery deadline in this case; or (c) her failure to seek timely and appropriate relief from the Court, e.g., to move to compel defendants' depositions prior to the expiration of the extended deadline therefor set by my January 14, 2015 order, to seek an additional extension of the discovery deadline prior to the expiration of the final discovery deadline, etc. Moreover, since Rule 26(e)(2) of the Federal Rules of Civil Procedure imposes a duty upon a party who serves an expert disclosure requiring an expert report to supplement, *inter alia*, the "information included in the report," and permits "[a]ny additions or changes to [that] information [to] be disclosed [up to] the time the party's pretrial disclosures * * * are due[,]" there was nothing preventing plaintiff from serving an expert report prior to the expiration of the final discovery deadline based upon the information available to the expert witness at that time, then supplementing the report as more information, if any, became available to the expert.

In light of, *inter alia*, plaintiff's failure to diligently pursue discovery in this case; repeated and unexplained delays and/or failures in seeking relief from the Court when appropriate; and repeated failures to comply with the discovery orders and deadlines set by this Court without reasonable excuse, plaintiff's request for a fourth extension of a discovery deadline in this case is denied. See, e.g. Padilla, 721 F.3d at 83 ("[A] delay attributable solely to a [party's] failure to act with diligence cannot be characterized as 'excusable neglect.'") Similarly, plaintiff's belated request for this Court to conduct an expanded *in camera* review of

certain documents that defendants claim are privileged, made after the expiration of the final discovery deadline and without a reasonable excuse, is denied.

B. Objection to Magistrate Judge Lindsay's Order

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). A party may not assign as error any defect in a magistrate judge's order to which he or she has not timely objected. Fed. R. Civ. P. 72(a).

Since plaintiff's request for a fourth extension of a discovery deadline in this case is denied, and she has not demonstrated that any part of Magistrate Judge Lindsay's order precluding her second supplemental discovery demands and expert disclosure is clearly erroneous or contrary to law, there is no basis upon which to modify or set aside any of Magistrate Judge Lindsay's findings or conclusions therein. Accordingly, plaintiff's objections are overruled.

II. CONCLUSION

For the reasons set forth herein, plaintiff's request for a fourth extension of a discovery deadline in this case is denied. Moreover, upon consideration of plaintiff's objections to

Magistrate Judge Lindsay's April 3, 2015 preclusion order, and defendants' responses thereto, and reconsideration of Magistrate Judge Lindsay's order, plaintiff's objections are overruled.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 24, 2015
Central Islip, New York