FILED
CLERK
5/8/2015 5:46 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMY L. COLVIN,

                        Plaintiff,

      - against-

STATE UNIVERSITY COLLEGE AT
FARMINGDALE, STATE UNIVERSITY OF
NEW YORK; HUBERT KEEN, President, in his
official and individual capacity; GEORGE
LAROSA, Vice President, in his official and
individual capacity; PATRICK CALABRIA,
Vice President, in his official and individual
capacity; LUCIA CEPRIANO, Vice President, in
her official and individual capacity; MARVIN
FISCHER, Chief of Police, in his official and
individual capacity; MARYBETH INCANDELA,
Director, in her official and individual capacity;
JAMES HALL, in his official and individual
capacity; and MALKA EDELMAN, in her official
and individual capacity,

                        Defendants.
------------------------------------------------------------X

**OPINION AND ORDER**
**13-CV-3595 (SJF)(ARL)**

FEUERSTEIN, J.

On June 25, 2013, *pro se* plaintiff Amy L. Colvin ("plaintiff") commenced this employment discrimination and retaliation action against defendant State University College at Farmingdale, State University of New York ("SUNY Farmingdale") and defendants Hubert Keen ("Keen"), President of SUNY Farmingdale; George LaRosa ("LaRosa"), Vice President of SUNY Farmingdale; Patrick Calabria ("Calabria"), Vice President of SUNY Farmingdale; Lucia Cepriano ("Cepriano"), Vice President of SUNY Farmingdale; Marvin Fischer ("Fischer"), Campus Chief of Police at SUNY Farmingdale; Marybeth Incandela ("Incandela"), Director of

1

Human Resources at SUNY Farmingdale; James Hall ("Hall"), Director of Admissions at SUNY Farmingdale; and Malka Edelman ("Edelman"), Director of Support Services at SUNY Farmingdale (collectively, "the individual defendants"), each in their official and individual capacity.  On August 5, 2013, plaintiff filed an amended complaint against SUNY Farmingdale and the individual defendants (collectively, "defendants") alleging, *inter alia*,  discrimination based upon age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290, 296, *et seq.*; retaliation for exercising her First Amendment rights to free speech and freedom of association in violation of 42 U.S.C. § 1983 ("Section 1983"); and violations of New York Civil Service Law ("NYCSL") § 75-b and New York Public Officers Law ("NYPOL") §§ 74(3)(d) and (h).

By opinion and order dated June 19, 2014, *inter alia*, defendants' motion to dismiss the amended complaint pursuant to Rules 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process and failure to state a claim for relief was granted to the extent: (1) that plaintiff's claims against SUNY Farmingdale were dismissed in their entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction; (2) that plaintiff's state law claims against the individual defendants in their official capacity were dismissed in their entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction; (3) that plaintiff's ADEA and Section 1983 claims against the individual defendants in their official capacity were dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction only insofar as they seek

compensatory and punitive damages; (4) that plaintiff's ADEA claim, and any Title VII claim, against the individual defendants in their individual capacity were dismissed in their entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief; (5) that plaintiff's Section 1983 claim alleging retaliation because she exercised her First Amendment right to freedom of association (fourth claim for relief), Section 1983 Equal Protection claim (fifth claim for relief) and state law claims (first, third and sixth claims for relief) against the individual defendants were dismissed in their entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief; and (6) that plaintiff's Section 1983 claim alleging retaliation because she exercised her First Amendment right to free speech (second claim for relief) against the individual defendants was dismissed with prejudice for failure to state a claim for relief, with the exception of plaintiff's claims that Icandela "interrogat[ed]" her and issued her a counseling memorandum on June 14, 2011; that Cepriano recommended that she not be reappointed on July 21, 2011; that Hall counseled her about her union activities on July 25, 2011; and that Keen sent a letter to her indicating that her contract would not be renewed in August 2011, and the motion was otherwise denied.[1]

Pending before the Court is: (1) plaintiff's motion seeking (a) reconsideration of so much

---

[1] Thus, only the following claims remain in this action: (1) plaintiff's ADEA claim (first claim for relief) against the individual defendants in their official capacity seeking injunctive and declaratory relief, including reinstatement of her employment; and (2) plaintiff's Section 1983 claim alleging retaliation because she exercised her First Amendment right to free speech (second claim for relief) against Icandela, Cepriano, Hall and Keen in their individual capacity based upon plaintiff's claims that Icandela "interrogat[ed]" her and issued her a counseling memorandum on June 14, 2011; that Cepriano recommended that she not be reappointed on July 21, 2011; that Hall counseled her about her union activities on July 25, 2011; and that Keen sent a letter to her indicating that her contract would not be renewed in August 2011.

of the June 19, 2014 order as granted, in part, the branch of defendants' motion seeking dismissal of her Section 1983 claim alleging retaliation for exercising her First Amendment right to free speech (second claim for relief) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and partially dismissed that claim against the individual defendants in their individual capacity with prejudice for failure to state a claim for relief, and (b) leave to amend her amended complaint; and (2) defendants' cross motion seeking "reconsideration" of the June 19, 2014 order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to dismiss (a) all of plaintiff's Section 1983 and ADEA claims against Edelman as time barred and (b) all of plaintiff's remaining ADEA claims based upon acts occurring prior to February 28, 2011 as time barred. For the reasons set forth below, plaintiff's motion and defendants' cross motion are denied in their entirety.

I. DISCUSSION

    A.    Standard of Review

Rule 54(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "any order or other decision * * * that adjudicates * * * the rights and liabilities of fewer than all the parties does not end the action as to any of the * * * parties and may be revised at any time before the entry of a judgment adjudicating * * * all the parties' rights and liabilities." "The Second Circuit has 'limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for

4

it again.'" Goodman v. AssetMark, Inc., 53 F. Supp. 3d 583, 585-86 (E.D.N.Y. 2014) (quoting Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir.2003) (internal quotations and citation omitted)). "Therefore, a district court may not revise a prior order [under Rule 54(b)] unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Id. at 586 (quotations and citations omitted).

Moreover, motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion * * *. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Chepilko v. Cigna Life Ins. Co. of N.Y., 952 F. Supp. 2d 629, 631 (S.D.N.Y. 2013), aff'd, 590 F. App'x 98 (2d Cir. Jan. 22, 2015) (quotations and citations omitted); see also U.S. v. Yudong Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014), "so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 950 F. Supp. 2d 633, 638 (S.D.N.Y. 2013); see also Schoolcraft v. City of New York, 298 F.R.D. 134, 137 (S.D.N.Y. 2014).

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented

5

that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), cert. denied, 133 S. Ct. 1805, 185 L. Ed. 2d 812 (2013) (accord). Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. Aug. 13, 2008) (summary order) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); Redd v. New York State Div. of Parole, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters * * * were presented to the court on the underlying motion" and that such motions are "not intended as * * * a chance for a party to take a second bite at the apple." (quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion, Analytical Surveys, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for * * * presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" (quotations and citation omitted)); Redd, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not

intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion * * *." (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257; see also Analytical Surveys, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues * * *." (quotations and citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

B.  Plaintiff's Motion

Plaintiff contends, *inter alia*, that she should "be given an opportunity to show the causal connection between the free speech (yoga) incident [in May 2011] and her ultimate termination [on February 27, 2013] through any amended pleadings, examinations and discovery[,]" (Plaintiff's Affidavit in Support of Motion to Reconsideration ["Plf. Aff."], ¶ 3); and that "[t]he activities in between this time period, mainly the pre-textual [sic] evaluations, are evidence of retaliatory intent[,] * * * [and] [a]t the very least * * * should not be dismissed as they strengthen [her] argument of retaliatory intent on the part of the [d]efendants." (Id.) However, those arguments were raised by plaintiff in her opposition to the original motion, and were considered and decided by the June 19, 2014 order, and "[a] motion for reconsideration is [not] an occasion for repeating old arguments previously rejected * * *." Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 244 (E.D.N.Y. 2014).

In addition, plaintiff contends, *inter alia*, that the following "retaliatory conduct" occurred

7

between August 2012 and February 27, 2013, when her employment at SUNY Farmingdale was terminated: (a) she received two (2) emails, on February 11 and 14, 2013, informing her "about alleged mistakes" she made and that, as a result thereof, "'all' [her] files had to be reviewed for mistakes[,]" (Plf. Aff., ¶ 5); (b) her employment was terminated before Keen "got the benefit of the decision from the college evaluation committee * * * [in] blatant disregard of due process * * *[,]" (id.); and (c) she filed an improper practice complaint with the Public Employees' Relation Board ("PERB") on September 4, 2012 and a discrimination complaint with the New York State Division of Human Rights ("NYSDHR") on December 28, 2012. (Id., ¶ 6). Plaintiff's first two (2) contentions improperly seek to introduce additional facts and theories that were not before the Court on the original motion. See Norton v. Town of Brookhaven, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) ("A party requesting reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule 6.3 to advance new facts and theories in response to the court's rulings." (quotations, brackets and citation omitted)); see also Indergit v. Rite Aid Corp., 52 F. Supp. 3d 522, 523-24 (S.D.N.Y. 2014) (holding that a party requesting reconsideration "cannot rely upon facts, issues, or arguments that were previously available but not presented to the court[.]") With respect to her latter contention, the Court did not overlook her filing of the administrative complaints, (see Order at 10), and it is unclear how plaintiff's filing of administrative complaints can constitute "retaliatory conduct" on the part of defendants for her exercise of the right to free speech. To the extent plaintiff is asserting that defendants retaliated against her for her filing of those administrative complaints, the "filing of administrative grievances and complaints did not amount to speech as [a] citizen[] for First Amendment purposes." Loris v. Moore, 344 F. App'x 710, 712 (2d Cir. Sept. 3, 2009)

(summary order); see also Norton v. Breslin, 565 F. App'x 31, 34 (2d Cir. May 9, 2014) (summary order) (holding that complaints of discrimination are not First Amendment protected speech). Thus, no "manifest injustice," Kolel Beth Yechiel Mechil, 729 F.3d at 104, will result to plaintiff absent reconsideration of the June 19, 2014 order.

Plaintiff's contention, *inter alia*, that the amended complaint pleads that "she was treated disparately (by Defendant Hall) from other members of the department (which was retaliatory conduct during the period from May 11 to August 2012) * * *[,]" (Plaintiff's Memorandum of Law ["Plf. Mem."], at 11-12), was not overlooked in the June 19, 2014 order. (See Order at 7-8). With the exception of plaintiff's allegations regarding Hall's counseling of her about her union activities on July 25, 2011, I found that plaintiff's allegations against Hall, including the allegations of disparate treatment, failed to state a claim that Hall retaliated against her because she exercised her First Amendment right to free speech. "[A] mere disagreement with the Court's legal determination is not a valid basis for reconsideration." Equal Emp't Opportunity Comm'n v. Bloomberg L.P., 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010); see also Faulkner v. Nat'l Geographic Soc'y, 296 F. Supp. 2d 488, 490 (S.D.N.Y. 2003), aff'd on other grounds, 409 F.3d 26 (2d Cir. 2005) (holding that disagreement with the Court's decision "is a basis for appeal but not for reconsideration.")

Finally, plaintiff's request for leave "to amend her complaint if the Court rules it was not sufficiently plead[,]" (Plf. Aff., ¶ 5), is denied as "[a] plaintiff need not be given leave to amend if [she] fails to specify * * * how amendment would cure the pleading deficiencies in [her] complaint." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014); accord Lucio v. New York City Dep't of Educ., 575 F. App'x 3, 6 (2d Cir. Aug. 5, 2014) (summary order).

9

C. Defendants' Motion

Defendants contend, *inter alia*, (1) that since the June 19, 2014 order found (a) that all of the conduct of which plaintiff complains on the part of Edelman occurred between August 2007 and January 2009, and (b) that any acts alleged in the amended complaint with respect to plaintiff's Section 1983 claims that occurred prior to June 25, 2010 were time barred, Edelman should be "formally terminat[ed] * * * from this action * * * [,]" (Defendants' Memorandum of Law in Opposition to Plaintiff's 'Motion for Reconsideration' and in Support of Defendants' Cross-Motion ["Def. Mem."], at 7); and (2) that "while not specifically raised in [their] motion to dismiss,[]" (id. [footnote omitted]), all ADEA claims against defendants, including Edelman, that occurred prior to February 28, 2011 should be dismissed as time barred.

Plaintiff contends, *inter alia*, that defendants "should be time-barred from seeking * * * to dismiss all alleged wrongdoing by defendants prior to February 2011 as it involves a defense that should have properly been pleaded in their Answer[] * * * [and] [d]efendants concede that they did not argue this point in their Motion to Dismiss." (Plaintiff's Reply Affirmation and Affirmation in Opposition to Cross Motion ["Plf. Reply"], ¶ 6). Plaintiff further contends, *inter alia*, that the amended complaint sufficiently pleads an ADEA hostile environment claim beginning under Edelman and continuing to her termination. (Id., ¶ 10).

In reply, defendants contend, *inter alia*, that the amended complaint "falls far short of alleging a cognizable hostile work environment claim * * *," (Defendants' Reply Memorandum of Law ["Def. Reply"], at 4), and "fails to allege a continuous practice and policy of age discrimination * * *." (Id. at 6).

Defendants' first contention is without merit. As set forth above, the June 19, 2014 order

dismissed all of plaintiff's Section 1983 claims with the exception of certain limited claims against Icandela, Cepriano, Hall and Keen in their individual capacity. Thus, all of plaintiff's Section 1983 claims against Edelman were dismissed by the June 19, 2014 order. However, plaintiff's ADEA claim against the individual defendants, including Edelman, in their official capacity seeking injunctive and declaratory relief was not dismissed by the June 19, 2014 order. Therefore, the Court did not overlook any matter in failing to "formally terminat[e]" this action against Edelman in the June 19, 2014 order.

Plaintiff's contention, in effect, that defendants waived the affirmative defense of the statute of limitations to her ADEA claims is without merit. "The limitations defense, of course, may be raised in a pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(6)." Santos v. Dist. Council of New York City and Vicinity of United Bhd. of Carpenters and Joiners of Am., AFL–CIO, 619 F.2d 963, 967 n. 4 (2d Cir. 1980). Pursuant to Rule 12(h)(2) of the Federal Rules of Civil Procedure, *inter alia*, a defense of failure to state a claim upon which relief can be granted under Rule 12(b)(6) "may be raised: (A) in any pleading allowed or ordered under Rule 7(a) [e.g., an answer to a complaint]; (B) by a motion under Rule 12(c); or (C) at trial." Rule 12(g)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that "*[e]xcept as provided in Rule 12(h)(2)* * * *, a party that makes a motion under this rule must not make another motion under this rule raising a defense * * * that was available to the party but omitted from its earlier motion." (emphasis added). Thus, "by the express terms of Rule 12(g), [a Rule 12(b)(6) defense] is not waived by failure to include it in a Rule 12 motion raising other defenses." CSFB HOLT LLC v. Collins Stewart Ltd., No. 02 Civ. 3069, 2004 WL 1794499, at * 8 (S.D.N.Y. Aug. 10, 2004) (quoting Santos, 619 F.2d at 967 n. 4). Defendants' assertion of a

11

statute of limitations defense in their amended answer to the amended complaint, (see DE 37, ¶ 65), "rather than in [their] prior motion for dismissal * * * was both timely and sufficient as a matter of pleading." Santos, 619 F.2d at 967; see also Biro v. Conde Nast, 963 F. Supp. 2d 255, 266 n. 2 (S.D.N.Y. 2013) ("While the [] defendants could have raised their [statute of limitations] arguments in their Rule 12(b)(6) motion, it is generally permitted by Rule 12(h)(2) to bring successive motions challenging the sufficiency of a claim, the first under 12(b)(6) and the second, after the Answer is filed, under Rule 12(c).")

Nonetheless, "a motion for reconsideration is [not] * * * an opportunity for making new arguments that could have previously been made." Sass, 6 F. Supp. 3d at 244; accord Callari, 988 F. Supp. 2d at 292. Since defendants admittedly did not move to dismiss plaintiff's ADEA claims as time barred in their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, their motion for reconsideration of the June 19, 2014 order is denied.[2]

II. Conclusion

For the reasons stated herein, plaintiff's motion and defendants' cross motion are denied in their entirety.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May    , 2015
       Central Islip, N.Y.

---

[2] Although no party has demonstrated a basis for the Court's reconsideration of the June 19, 2014 order, they, of course, are not precluded from filing any motion seeking appropriate relief in this case in accordance with, *inter alia*, my individual rules.