UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMY L. COLVIN,

                          Plaintiff,

            - against-                             **OPINION AND ORDER**
                                                                         13-CV-3595 (SJF)(ARL)
HUBERT KEEN, President, in his official and
individual capacity; GEORGE LAROSA, Vice
President, in his official and individual capacity;
PATRICK CALABRIA,Vice President, in his
official and individual capacity; LUCIA
CEPRIANO, Vice President, in her official and
individual capacity; MARVIN FISCHER, Chief
of Police, in his official and individual capacity;
MARYBETH INCANDELA, Director, in her
official and individual capacity; JAMES HALL,
in his official and individual capacity; and
MALKA EDELMAN, in her official and
individual capacity,

                        Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

       Pending before the Court are (1) objections by (a) plaintiff Amy L. Colvin ("plaintiff") to, *inter alia*, so much of a Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated November 30, 2015, as recommends that the branch of the motion of defendants Hubert Keen ("Keen"), president of the State University College at Farmingdale, State University of New York ("SUNY Farmingdale"); George Larosa, vice president of SUNY Farmingdale; Patrick Calabria, vice president of SUNY Farmingdale; Lucia Cepriano, vice president of SUNY Farmingdale; Marvin Fischer, campus chief of police at SUNY Farmingdale; Marybeth Incandela, director of human resources at SUNY Farmingdale;

1

James Hall, director of admissions at SUNY Farmingdale; and Malka Edelman, director of support services at SUNY Farmingdale (collectively, "defendants") seeking summary judgment dismissing plaintiff's claim alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted, and (b) defendants to so much of the Report as, *inter alia*, recommends that the branch of their motion seeking summary judgment dismissing plaintiff's claim pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging retaliation for exercising her First Amendment right to free speech be denied; and (2) plaintiff's request for leave to amend her amended complaint to assert a claim of retaliation under the ADEA, 29 U.S.C. § 623(d), which Magistrate Judge Lindsay redirected to this Court for determination. For the reasons stated herein, *inter alia*, the Report is modified as set forth herein and, as modified, is accepted in its entirety; and plaintiff's request for leave to amend her amended complaint is denied.

I.  The Report

   A.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S.

140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue.") To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the report. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, *inter alia*, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. Summary Judgment Standard

Initially, so much of the Report as cites to, *inter alia*, former Rule 56(c) of the Federal Rules of Civil Procedure in setting forth the standard of review on a motion for summary judgment is rejected. Presently, Rule 56(a) of the Federal Rules of Civil Procedure prescribes the standard of review on a motion for summary judgment that was previously expressed in former Rule 56(c).

Nonetheless, the standard of review on a motion for summary judgment remains the

3

same. See Fed. R. Civ. P. 56(a), advisory committee's notes to 2010 amendment ("Subdivision (a) carries forward the summary-judgment [sic] standard expressed in former subdivision (c), changing only one word– genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment [sic] determination.") Specifically, Rule 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Current Rule 56(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations... admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1). Accordingly, Magistrate Judge Lindsay ultimately applied the correct standard in reviewing defendants' motion for summary judgment.

### C. Objections

#### 1. Plaintiff's Objections

Initially, plaintiff's objections with respect to the limitation of her Section 1983 First Amendment retaliation claim are not really objections to any factual finding or legal conclusion made by Magistrate Judge Lindsay in her Report. Rather, those "objections" are an improper attempt to relitigate issues already determined by this Court in the orders, dated June 19, 2014 and May 8, 2015, *inter alia*, granting, in part, defendants' motion to dismiss and denying

plaintiff's motion for reconsideration, respectively. As plaintiff has not established "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice" with respect to those claims, Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quotations and citation omitted); see also Bergerson v. New York State Office of Mental Health, Central New York Psychiatric Ctr., 652 F.3d 277, 288-89 (2d Cir. 2011), plaintiff's attempt to obtain further reconsideration of those claims is rejected.

Thus, plaintiff's only proper objections are to so much of the Report as recommends that her ADEA discrimination claims be dismissed in their entirety. Plaintiff contends, *inter alia*: (1) that she "presented material evidence that [d]efendants were replacing and promoting younger workers over older workers," (Plf. Obj. at 7); (2) that proof that younger people were promoted over older people was "inadvertently omitted from the record" before Magistrate Judge Lindsay, (id. at 7-8); (3) that she did not submit affidavits or depositions from certain witnesses in opposition to defendants' motion for summary judgment because she "did not want to put the[ir] jobs . . . in jeopardy by having them sign affidavits or by officially deposing them[,] . . . [and] [she] wanted to limit their exposure to risk as witnesses at trial[,]" (id. at 8); (4) that she should be allowed "to call th[o]se witnesses at trial to show intent of age discrimination[,]" (id.); (5) that "[t]he issue of whether [d]efendants' stated non-retaliatory reasons for her ultimate termination are pretextual presents a genuine dispute of a material fact raising an issue for trial in this case[,]" (id.); and (6) that she has presented "numerous examples of direct and circumstantial evidence of disparate treatment of [her] and of others [sic] members of the department," (id. at 9).

Upon *de novo* review of the Report, the operative pleadings, all motion papers, plaintiff's

5

objections and defendants' response thereto, the branch of the Report recommending that plaintiff's ADEA age discrimination claim be dismissed in its entirety is accepted and, for the reasons set forth in the Report, the branch of defendants' motion seeking summary judgment dismissing plaintiff's ADEA age discrimination claim pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's ADEA age discrimination claim (first claim for relief) is dismissed in its entirety with prejudice.

2. Defendants' Objections

Defendants object to so much of the Report as recommends that the branch of their motion seeking summary judgment dismissing plaintiff's Section 1983 First Amendment retaliation claim be denied on the grounds, *inter alia*, that Magistrate Judge Lindsay (1) "did not credit or address any documentation or affidavits supplied by [them], but solely relied on [p]laintiff's rendition of her allegations . . .[,]" (Def. Obj. at 1; see also id. at 6 [". . . Magistrate Judge Lindsay did not credit any affidavits or attached documentation supplied by [d]efendants regarding the First Amendment claim, but solely relied on Plaintiff's allegations. . ."]); (2) erred in "[a]ccept[ing] [p]laintiff's recitation of the facts as true" to find "that Plaintiff demonstrated that her speech involved a matter of public concern[,]" (id. at 3) (first brackets in original), and, thus, was constitutionally protected speech since (a) that "standard is more appropriate for assessing a Motion to Dismiss, not a Motion for Summary Judgment[,]" (id.; see also id. at 6 ". . . Magistrate Judge Lindsay . . . continu[ed] to apply the standard for a motion to dismiss, rather than that for a motion for summary judgment"]), (b) she cited only "to 'evidence in the record' to support [p]laintiff's claim," while ignoring the evidence offered by defendants, (id.), and (c) she

found that "'[a]lthough Defendants argue that Plaintiff's speech was directed solely at Ms. Buch and not the officers, the record permits an inference otherwise,' without any reference to the purported evidence that such an inference is based upon[,]" (id. at 5) (brackets in original); (3) failed to "credit the plain language of the police report and the counseling memorandum issued to Plaintiff that it was her *behavior* that was troubling, and not the content of her speech[,]" (id.) (emphasis in original); and (4) did not "appreciate that the discretionary bonus [p]laintiff received in 2010 was for the work she performed in the prior year during her first year in the Admissions Department when she was first being trained[,]" (id. at 12), or credit Hall's testimony that "in 2010, there was a marked increase in the amount of decisioning mistakes [p]laintiff began to make," (id. at 12-13). Moreover, defendants contend that the documentary evidence they submitted on their motion for summary judgment establishes that Incandela, Hall, Cepriano and Keen "would have taken the same actions as they did even if Plaintiff had not made her statement to Sheri Buch during Ms. Buch's arrest." (Id. at 6-7).

Upon *de novo* review of the Report, the operative pleadings, all motion papers, defendants' objections and plaintiff's response thereto, the branch of the Report finding, in essence, that there are genuine disputes of material fact as to plaintiff's prima facie First Amendment retaliation claim, (Report at 25-32), is accepted.

However, even assuming, for purposes of this motion only, that plaintiff can establish a prima facie First Amendment retaliation claim, defendants may still be entitled to summary judgment if they establish their "entitlement to a relevant defense." Smith v. County of Suffolk, 776 F.3d 114, 119 (2d Cir. 2015) (quotations and citation omitted); accord Anemone v. Metro. Transp. Auth., 629 F.3d 97, 114 (2d Cir. 2011). "Because protected speech could not

7

substantially cause an adverse action if the employer would have taken that action in any event, . . . once the employee has established a prima facie case, the employer may still be entitled to summary judgment . . . by demonstrating by a preponderance of the evidence that it would have taken the same adverse employment action even in the absence of the protected conduct." Smith, 776 F.3d at 119 (quotations and citations omitted); accord Nagle v. Marron, 663 F.3d 100, 111-12 (2d Cir. 2011). "The constitutional principle at stake, i.e., freedom from retaliation for protected speech, is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the protected conduct." Anemone, 629 F.3d at 115 (quotations, brackets and citation omitted).

"The unprotected conduct, standing alone, must justify the adverse actions." Smith, 776 F.3d at 122. Under this standard, defendants are entitled to summary judgment if they can show that a reasonable jury would have to find by a preponderance of the evidence that they would have taken the same action even had they not learned of the plaintiff's protected speech. Nagle, 663 F.3d at 112; see also Anemone, 629 F.3d at 115 ("[A] defendant can avoid liability by showing that it would have taken the same action in the absence of the impermissible reason.") Defendants have the burden of establishing the defense. See Anemone, 629 F.3d at 115; Scott v. Coughlin, 344 F.3d 282, 288 (2d Cir. 2003).

Although defendants have presented considerable evidence of serious performance errors by plaintiff, their conclusory assertion that Incandela, Hall, Cepriano and Keen "would have taken the same actions as they did even if Plaintiff had not made her statement to Sheri Buch during Ms. Buch's arrest[,]" (id. at 6-7), is insufficient to establish their entitlement to judgment as a matter of law on plaintiff's First Amendment retaliation claim. See, e.g. Smith, 776 F.3d at

123. Defendants "may not rely solely on the occurrence of unprotected []conduct [i.e., plaintiff's performance errors]; they must also articulate and substantiate a reasonable link between that []conduct and their *specific* adverse actions. A general statement that the employer would have taken *some* adverse action will not suffice." Smith, 776 F.3d at 123 (emphasis in original).

A jury might draw all reasonable inferences in favor of defendants and conclude that they acted as they did, i.e., that Incandela "interrogat[ed]" plaintiff and issued her a counseling memorandum on June 14, 2011; that Cepriano recommended that plaintiff not be reappointed on July 21, 2011; that Hall counseled plaintiff about her union activities on July 25, 2011; and that Keen sent plaintiff a letter indicating that her contract would not be renewed in August 2011, because of plaintiff's repeated performance errors. However, a reasonable jury might just as easily infer that because defendants did not similarly act when plaintiff made performance errors prior to the Yoga incident, they acted because of her protected speech during the Yoga incident. Indeed, except for four (4) emails from Hall to plaintiff regarding performance errors she committed, "[t]here was no pattern of bad evaluations, complaints, and warnings," Nagle, 663 F.3d at 112, regarding plaintiff's performance of her duties prior to the Yoga incident. Accordingly, defendants have not demonstrated that a reasonable jury must conclude by a preponderance of the evidence, viewed in the light most favorable to plaintiff, that Incandela, Cepriano, Hall and Keen would have taken the adverse actions they did irrespective of learning about plaintiff's protected speech during the Yoga incident. Rather, "[t]he record raises genuine issues of material fact as to why [defendants] acted as they did, and summary judgment is precluded where questions regarding an employer's motive predominate in the inquiry regarding how important a role the protected speech played in the adverse employment decision." Nagle,

9

663 F.3d at 113 (quotations, brackets and citation omitted). Accordingly, so much of the Report as recommends that the branch of defendants' motion seeking summary judgment dismissing plaintiff's Section 1983 First Amendment retaliation claim be denied is accepted.[1]

II. Plaintiff's ADEA Retaliation Claim

In the Report, Magistrate Judge Lindsay redirected plaintiff's request for leave to amend the amended complaint to assert a retaliation claim under the ADEA based upon her allegations that she was prematurely terminated on February 27, 2013, in advance of her August 5, 2013 contract date, in retaliation for her filing of (1) an improper practice complaint with the New York State Public Employment Relations Board ("PERB") on September 4, 2012; and (2) a discrimination complaint with the New York State Division of Human Rights ("NYSDHR") on December 28, 2012, to the undersigned for determination.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." However, leave to amend is properly denied where a proposed amendment would be futile, see Krys v. Pigott, 749 F.3d 117, 134 (2d Cir. 2014); Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), as well as for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment * * *.'" Ruotolo v. City of New York, 514 F.3d 184, 191

---

[1] No party has objected to so much of the Report as recommends that the branch of defendants' motion seeking summary judgment on the grounds of qualified immunity be denied. There being no clear error apparent on the face of the Report with respect to that recommendation, that branch of the Report is accepted in its entirety.

10

(2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Knife Rights, Inc. v. Vance, 802 F.3d 377, 389 (2d Cir. 2015).

The amended complaint asserts six (6) distinct claims for relief: (1) age discrimination in violation of the ADEA and NYHRL (first claim for relief); (2) retaliation for exercising her First Amendment rights to free speech and freedom of association pursuant to Section 1983 (second and fourth claims for relief, respectively); (3) retaliation in violation of the New York Civil Service Law § 75-b (third claim for relief); (4) retaliation in violation of plaintiff's Fourteenth Amendment right to equal protection (fifth claim for relief); and (5) violations of New York Public Officers Law §§ 74(d) and (h). (Am. Compl. at 14-22, ¶¶ 69-92, 94-99). Although plaintiff filed the amended complaint *pro se*, she is a practicing attorney and, in any event, has been represented by counsel in this case since October 31, 2014, approximately four and a half (4.5) months prior to the close of discovery. Yet at no time during the course of this litigation did the parties ever pursue a separate cause of action alleging retaliation in violation of the ADEA until plaintiff filed her opposition to defendants' motion for summary judgment following the close of discovery.

Plaintiff's contention that she was awaiting a decision on her motion for reconsideration before seeking leave to amend her amended complaint to specifically assert an ADEA retaliation claim, (see Plf. Obj. at 7), is disingenuous since, *inter alia*, the proceedings were clearly not stayed during the pendency of that motion. Indeed, the parties proceeded with, and completed, all discovery in this action during the pendency of the motion for reconsideration; plaintiff certainly could have, and should have, sought leave to amend the amended complaint to clearly assert a retaliation claim under the ADEA during that period of time so that discovery could

proceed on that claim as well. Plaintiff's failure to seek leave to amend until discovery was closed and defendants had served her with a motion for summary judgment clearly prejudices defendants. See, e.g. Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 126 (2d Cir. 2014) (affirming partial denial of motion for leave to amend the complaint where the motion was made after the close of all discovery and after the defendant had filed its motion for summary judgment because, if allowed, the amendment would prejudice the defendant "with both significant delay and expense associated with further, belated discovery on th[o]se issues."); MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998) (finding that "it was entirely reasonable for the judge to deny leave to amend the complaint" where, *inter alia*, it was filed after the close of discovery and would require additional discovery, causing undue prejudice to the defendants). Accordingly, plaintiff's request for leave to amend is denied for undue delay and "undue prejudice to [defendants] by virtue of allowance of the amendment." Ruotolo, 514 F.3d at 191.

In any event, any amendment to the amended complaint to assert an ADEA retaliation claim would be futile. To establish a prima facie case of retaliation under the ADEA, a plaintiff must demonstrate "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012) (quotations and citation omitted). Since plaintiff did not allege that she was discriminated against because of her age in the PERB complaint, her filing of the complaint with PERB does not constitute a "protected activity" for purposes of the ADEA. See, e.g. Alleva v. New York City Dep't of Investigations, 696 F. Supp. 2d 273, 284 (E.D.N.Y.

12

2010), aff'd, 413 F. App'x 361 (2d Cir. Mar. 9, 2011); Hernandez v. Int'l Shoppes, LLC, 100 F. Supp. 3d 232, 267 (E.D.N.Y. 2015); Penberg v. Healthbridge Mgmt., 823 F. Supp. 2d 166, 191 (E.D.N.Y. 2011).

With respect to her filing of the complaint with the NYSDHR alleging, *inter alia*, age discrimination, plaintiff supports her ADEA retaliation claim with nothing more than the proximity between that administrative filing and the purportedly premature termination of her employment. "A viable retaliation claim 'requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" Inguanzo v. Housing & Servs., Inc., 621 F. App'x 91, 92 (2d Cir. Nov. 6, 2015) (summary order) (quoting Univ. of Texas S.W. Med. Ctr. v. Nassar, — U.S. —, 133 S. Ct. 2517, 2533, 186 L. Ed. 2d 503 (2013)). "[T]he law is clear that '[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.'" Deebs v. Alstom Transp., Inc., 346 F. App'x 654, 657 (2d Cir. Sept. 21, 2009) (summary order) (second brackets in original) (quoting Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001)); see also Inguanzo, 621 F. App'x at 92 ("Although 'temporal proximity can demonstrate a causal nexus,' causality is lacking when 'adverse employment actions were both part, and the ultimate product, or an extensive period of progressive discipline [beginning prior to the complaint]. . . .'" (alterations in original) (quoting Slattery, 248 F.3d at 95)).

Since, *inter alia*, plaintiff was notified in July 2012, approximately five (5) months before she filed a discrimination complaint with the NYSDHR, that her term of employment would not be renewed and, thus, that her employment at SUNY Farmingdale would end when her term

13

appointment expired on August 5, 2013, (see Declaration of James Hall ["Hall Decl."], Ex. 18), and she continued to make errors in the performance of her essential admissions duties through February 2013,[2] (see id., ¶¶ 42-44 and Ex. 19-20), she cannot demonstrate a causal connection between the administrative filing on December 28, 2012 and the termination of her employment as a matter of law.[3] Accordingly, plaintiff's request for leave to amend the amended complaint to assert an ADEA retaliation claim is denied as futile, and any ADEA retaliation claim asserted in the amended complaint is dismissed in its entirety with prejudice.

III. Conclusion

For the reasons set forth herein, (1) the Report is modified as set forth herein and, as modified, the Report is accepted in its entirety; and (2) plaintiff's request for leave to amend the amended complaint to assert an ADEA retaliation claim is denied and any ADEA retaliation claim asserted in the amended complaint is dismissed in its entirety with prejudice. For the reasons set forth herein and in the Report, the branch of defendants' motion seeking summary judgment dismissing plaintiff's ADEA age discrimination claims in their entirety pursuant to

---

[2] The record indicates that plaintiff was repeatedly advised about errors she committed in the performance of her duties since April 2010, (see, e.g. Hall Decl., ¶¶ 22, 34 and Ex. 3-8), and that her continued performance errors, *inter alia*, negatively impacted (a) her request for a promotion in 2011, (see, e.g. id., ¶ 32 and Ex. 13); (b) the renewal of her term appointments in 2011 and 2012, (see, e.g. Hall Decl., ¶¶ 24, 40 and Ex. 10, 17), i.e., she was only reappointed for a one (1)-year term in 2011 when she had previously been appointed for a two (2)-year term, and her employment was not renewed in 2012; and (c) her performance evaluations in August 2011 and June 2012, (see, e.g. id., ¶¶ 27, 33, 36 and Ex. 1-2, 14-16).

[3] Although plaintiff's employment was terminated effective February 27, 2013, she was paid her remaining salary for the duration of her term appointment, i.e., through August 5, 2013. (See Hall Decl., Ex. 21).

14

Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's ADEA age discrimination claims are dismissed in their entirety with prejudice, and the motion is otherwise denied. There being no just reason for delay, the Clerk of the Court shall enter final judgment in favor of defendants George Larosa, Patrick Calabria, Marvin Fischer and Malka Edelman pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The trial on plaintiff's remaining Section 1983 First Amendment retaliation claims against Keen, Cepriano, Incandela and Hall will be scheduled at the pretrial conference scheduled to be held before me on February 1, 2016 at 11:15 a.m.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 19, 2016
Central Islip, New York