UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X--------------------------------------------------------------X
:
AMY L. COLVIN                                :
:
               Plaintiff   :
:   CV-13-3595(SJF)(ARL)
     against                      :
:
HUBERT KEEN, President of the State          :   **MOTION IN LIMINE**
University at Farmingdale, State University  :   **DECLARATION**
of New York, in his official and             :   **IN SUPPORT**
individual capacities, et al.,               :
:
              Defendants.   :
X--------------------------------------------------------------X

      JAMES M. INGOGLIA, ESQ. declares the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am an attorney for the plaintiff in this matter and state the following in support of Plaintiff's Motion in Limine (the "Motion").

2. The purpose of a Motion in Limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, the court's ruling regarding a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

3. Plaintiff by the Motion seeks to preclude Defendants from introducing into evidence the following:

   a. Testimony from Lucia Cepriano that she was getting complaints about plaintiffs work from anyone but Hall because it would conflict with the evidence established in discovery. An objection at trial will not suffice as the information in this testimony is unsubstantiated, unverifiable, biased, and prejudicial because she has no personal knowledge nor was it a prescribed duty of hers to seek complaints.

b. Any testimony from Lori Snyder because her statement was signed and dated after the Counseling Memo went out and therefore such testimony would be unreliable. An objection at trial will not suffice as the information in this testimony is unsubstantiated, unverifiable, biased, and prejudicial.

c. Testimony that Jim Hall discussed with Lucia Cepriano prior to August 3 that Plaintiff should be non-renewed as it is hearsay and uncorroborated by the facts in discovery. An objection at trial will not suffice as the information in this testimony is unsubstantiated, unverifiable, biased, and prejudicial.

d. Any testimony by George Kraus that Jim Hall pointed out mistakes Plaintiff was making should be precluded. Jim Hall can provide direct testimony on such matters and such testimony would be both hearsay and cumulative. An objection at trial will not suffice as the information in this testimony is unsubstantiated, unverifiable, biased, and prejudicial.

e. Evidence regarding Hall's anonymous survey of Plaintiff's performance should be excluded as hearsay. An objection at trial will not suffice as the information in this document is unsubstantiated, unverifiable, biased, prejudicial and not made by a supervisor who could adequately judge Plaintiff's work.

f. Any email regarding alleged student decisioning errors made by Plaintiff before May 2010 should be excluded as too remote. Plaintiff was not reprimanded or disciplined for any such errors. An objection at trial will not suffice as the information in this testimony is unsubstantiated, unverifiable, biased, and prejudicial.

g. Evidence regarding Plaintiff's use of emails (Defendants proposed exhibits 71 - 111) for topics outside of Farmingdale as there was no prohibition on employees using their email for reasonable personal use. In addition, a majority of the emails plaintiff seeks to introduce were made either before, after or during lunch hour. Defendants seek to use these emails as "red herrings" to distract the jury from the sole issue before the court which is retaliation for free speech and therefore should be excluded from testimony

h. Testimony from the below witnesses as they are not decision-makers, their statements are hearsay, cumulative, and non-probative in regard to proving Defendants' motivations for retaliation and they were not witnesses and not involved to the events that occurred from May 2011 to August 2011:
    i. Marybeth Liegmann, secretary to Jim Hall
    ii. Jeanne Soto, admissions counselor
    iii. Janice Rivera, Director of EEOC
    iv. Joanne Mazovec, admissions clerk
    v. Paul Mathews, trial investigator

 i. Any photographs of the area in around the yoga class taken by Paul Mathews, trial investigators because they were never produced in discovery.

 j. Copies of Student files (Defendants proposed exhibits 30-47) as they were not produced in discovery in an unredacted form and Plaintiff could not properly review and/or prepare a response to them. An objection at trial will not suffice as the information in this document is unsubstantiated, unverifiable, biased, prejudicial

 k. Any evidence that Plaintiff allegedly conducted legal practice while she was on the clock at SUNY Farmingdale, including Plaintiff's billing records for her part-time lawyer work (Defendants proposed exhibits 112) because these records irrelevant, unsubstantiated, unverifiable, biased, and prejudicial.

 l. Any testimony of errors made by Plaintiff prior to May 2011 because at that time Plaintiff had been recommended for a bonus. An objection at trial will not suffice as the information in this testimony is unsubstantiated, unverifiable, biased, prejudicial.

4. Based upon the foregoing, all the above evidence should respectfully be excluded from trial.

Dated: Mineola, New York
   May 13, 2016

                 _____
                 James M. Ingoglia, Esq.

TO: Toni E. Logue, Esq.
   Office of the Attorney General for the State of New York
   200 Old Country Road
   Mineola, NY   11743
   *Attorney For Defendants*